IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR SHAHEED | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 07-1167 |
| v. | ) | (Criminal No. 03-71) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Docket No. 321 at Criminal No. 03-71) filed by petitioner Omar Shaheed ("petitioner"). Upon consideration of petitioner's motion, the government's brief in opposition (Docket No. 329), the evidence and proffers of evidence presented at two evidentiary hearings, and the proposed findings of fact and conclusions of law submitted by each party, the court will deny petitioner's motion for the reasons set forth herein.

**I. Background**

On February 18, 2003, a grand jury indicted seven individuals on four counts of federal narcotics offenses. Those individuals included Tennille Chaffin, Stephen A. Atkins, Tameka Nicole Chaffin, Cye Roy Clanagan, Reginald Earl Kenny, Courtney J. Washington, and petitioner. All seven individuals were alleged to have been involved in a heroin distribution conspiracy which used as its alleged legitimate front the record company No Slippin' Records.

Petitioner was charged with one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin from November 20, 2002 until January 26, 2003, in violation of 21 U.S.C. § 846. (Docket No. 1.) Petitioner had three prior drug convictions and, at the time of his arrest, was on parole for a state drug conviction. (Docket No. 185.)

Before the trial began, petitioner's attorney, Mark Rubenstein ("Mr. Rubenstein"), and Assistant U.S. Attorney Troy Rivetti ("Mr. Rivetti") engaged in preliminary discussions about a possible plea bargain. (Evid. Hr'g Tr. 3-4, 24-25, Oct. 9, 2009.) The government set a deadline of January 16, 2004, after which a plea bargain would no longer be accepted. (Id. at 10.) Petitioner informed Mr. Rubenstein, however, that he was not interested in pursuing a deal, and discussions ceased. (Id. at 5-6.) No plea bargain was reached before the government's deadline, and the case proceeded to trial. (Id. at 21-22.)

The government intended to prove petitioner's references to "scratched CDs" during recorded phone conversations were actually code words for bad heroin. (Id. at 9.) In response, petitioner and Mr. Rubenstein planned to assert an innocent association defense. (Id. at 8.) Defense counsel would contend petitioner was a legitimate employee of No Slippin' Records, that he sold CDs directly to customers, and that petitioner had in fact been referring to CDs, and not heroin, during the conversations in question. (Id. at 9.)

This court ruled the government was permitted to introduce petitioner's 1994 prior drug conviction to show Shaheed's knowledge of drugs and intent and to rebut the defense of innocent association. The court held the government could state that petitioner was previously convicted of possession with intent to deliver a controlled substance and state the nature of the drug and amount of grams. The government, however, was required to state that the prior conviction did not involve conspiracy. United States v. Shaheed, 183 F.3d. App'x 168, 172 (3d Cir. 2006).

2

On February 27, 2004, the jury convicted Shaheed of conspiracy to distribute and possess with intent to distribute less than 100 grams of heroin, even though he was charged with conspiracy to distribute and possess with intent to distribute 1 kilogram or more. (Docket No. 206.)

On June 17, 2004, this court held a sentencing hearing, at which it noted, that because of Shaheed's prior conviction, the maximum term of imprisonment for the instant offense was not more than 30 years. 21 U.S.C. § 841(b)(1)(C). Under the applicable United States Sentencing Guidelines ("Sentencing Guidelines"), a statutory maximum penalty exceeding 25 years resulted in a base offense level of 34. U.S.S.G. § 4B1.1(b). Petitioner's offense level of 34 and criminal history category of VI yielded a sentencing guideline range for imprisonment of 262 to 327 months. The court sentenced petitioner to 262 months imprisonment. (Docket Nos. 257, 258.) Had petitioner been convicted of the drug amount with which he was charged, however, he would have received a mandatory life sentence. (Evid. Hr'g Tr. 4, 14, 27, Oct. 9, 2009.)

On June 28, 2004, petitioner filed a Notice of Appeal. (Docket No. 259.) On May 31, 2006, petitioner's conviction was affirmed by the Court of Appeals for the Third Circuit. United States v. Shaheed, 183 F. App'x 168, 169-70 (3d Cir. 2006). No petition for a writ of certiorari was filed. (Pet'r's Facts ¶ 37.) On August 17, 2006, petitioner was resentenced to 237 months imprisonment because he received credit for time spent in the custody of Pennsylvania authorities. (Docket Nos. 318, 319.)

On August 24, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 321.) Petitioner alleged that his defense attorney at trial, Mr. Rubenstein, was ineffective, and raised the following claims: (1) "Whether trial counsel was ineffective in employing the defense of innocent association which then allowed the

3

prosecutor to introduce Defendant's prior conviction involving trafficking in controlled substances"; (2) "Whether trial counsel was ineffective in failing to advise Defendant that said prior conviction would be introduced into evidence at trial if the 'innocent association' defense was pursued"; (3) "Whether trial counsel was ineffective in not objecting to the District Court's use of the 21 U.S.C. § 851 Prior Conviction Notice that specified 21 U.S.C. § 841(a)(1) and (b)(1)(A)—not 21 U.S.C. § 841(a)(1) and (b)(1)(c), which were the penalty provisions of which the jury ultimately found Defendant guilty—which resulted in the erroneous calculation of the Offense Level and standard-range sentence of the sentencing guidelines"; and 4) "Whether trial counsel was ineffective for failing to preserve/litigate the claim that Defendant was entitled to a 23-month reduction of his August 18, 2006 237-month sentence of imprisonment because the Board of Prisons was not giving Defendant credit for the 23-months which he spent incarcerated on state detainer." (Docket No. 321.) Petitioner conceded that the third and fourth arguments were resolved and "are no longer at issue . . . ." (Docket No. 356, at 27 ¶ 3).

On February 25, 2009 and October 9, 2009, this court held evidentiary hearings on the remaining arguments in petitioner's motion (Docket Nos. 336, 354), which related to the admission of the prior conviction under Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). A hearing was necessary under 28 U.S.C. § 2255, because the record failed to establish conclusively that petitioner is not entitled to relief. United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) ("The district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that movant is not entitled to relief.") (internal quotations omitted).

Petitioner (Docket No. 355) and government (Docket No. 361) filed proposed findings of fact and conclusions of law respectively on November 11, 2009, and February 19, 2010.

## II. Standard of review

Under 28 U.S.C. § 2255(a), a federal prisoner in custody may move the court that imposed the sentence to vacate, set aside or correct the sentence upon the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court reads the statute as stating four instances when relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 593 (3d ed. 2004) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). To remedy a sentence imposed in violation of the law, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In this proceeding, only the first instance – that the sentence was imposed in violation of the Constitution or laws of the United States – is implicated.

The court makes the following findings of fact and conclusions of law.

## III. Findings of fact

1. On October 9, 2009, Mr. Rubenstein testified that Mr. Rivetti had tentatively offered petitioner a twelve-year sentence in exchange for a guilty plea. "Mr. Rivetti at some time prior

to the trial . . . had offered, to my best recollection, in return for Mr. Shaheed's guilty plea, a period of incarceration, as I understood it, to be 12 years." (Mr. Rubenstein's Testimony, Evid. Hr'g Tr. 3-4, Oct. 9, 2009.)

2. Petitioner "rejected that offer or any further offers on guilty pleas because he felt he would be found not guilty." (Id. at 6.)

3. Petitioner instructed Mr. Rubenstein not to engage in plea discussions because he was confident that he would be found not guilty at trial. Petitioner's confidence was rooted in Mr. Rubenstein's assurances that petitioner's prior convictions would not be introduced at trial unless petitioner testified in his own defense:

> I kept asking about my priors. That was the main thing because I was considering testifying to each phone call. I was going to testify to each call myself. But we didn't want to take the chance of the priors coming in. So he told me if I didn't take the stand, that they definitely wouldn't come in.

(Id. at 14.)

4. Petitioner explained that he was also reluctant to seek a plea bargain because of Mr. Rubenstein's advice that any agreement was likely to be enhanced by the court because of petitioner's prior convictions (e.g., twelve years may be enhanced to twenty years). "I said, can I get the 12 [years] solid? [Mr. Rubenstein] said, no, they'll probably enhance you." (Id.)

5. Petitioner testified that he would have entertained the government's plea offer had he known that the crux of Mr. Rubenstein's strategy—the assertion of an innocent association defense—would lead to this court's admission of his prior conviction:

> So I'm thinking, I'm fresh, a vanilla person, just sitting there and none of that other baggage would come in. Their evidence is lacking, my defense was pretty strong. That's why I proceeded to

6

trial, or I would have considered the 12 [years], in light of facing mandatory life in jail.

(Id.)

6. Mr. Rubenstein confirmed that January 16, 2004, had been the government's deadline for petitioner to reach a plea agreement with the United States Attorney's office. (Id. at 10.)

7. Mr. Rubenstein also confirmed that this court scheduled pretrial hearings for February 9, 2004, to determine whether petitioner's prior convictions would be admissible during trial. (Id. at 10-12.)

8. Mr. Rivetti testified that any plea offers and terms were preliminary, and that no such discussions moved past the preliminary stage because of petitioner's disinterest in a deal:

> [Mr. Rubenstein] never said, write it up, I'll show it to my client. I never showed it to my—ran it up the chain of command at my office to see if the U.S. Attorney would sign off. We never got anywhere near that because he made it clear his client wasn't interested in a plea.

(Id. at 24-25.)

9. The court finds credible Mr. Rivetti's testimony that he did not offer petitioner a twelve-year sentence. Mr. Rivetti introduced instead the possibility of reducing the quantity of heroin from one kilogram to between 100 to 400 grams, in addition to filing a 21 U.S.C. § 851 information for only one of petitioner's three prior convictions:

> I absolutely – I don't have the authority to [offer a specific sentence]. . . . What was discussed was lowering the amount from one kilogram of heroin to perhaps the range of 100 to 400 grams. And there were a variety of different implications or consequences of lowering the drug amount, but it wasn't as though I said to Mr. Rubenstein, hey, if your guy pleads, I'll give him 12 years. I can't do that and I definitely didn't do that here.

7

(Id. at 20.)

10.     Petitioner's deadline for reaching a plea bargain with the U.S. Attorney's office was January 16, 2004, and that no discussions regarding a plea bargain occurred after the deadline passed. (Id. at 21-22.)

11.     Mr. Rivetti testified that the most favorable sentence petitioner could have received through a plea bargain would have been the same sentence that resulted from his trial. Mr. Rivetti explained:

> Under Section 4B1.2 – 4B1.1, the guidelines explain that with an offense statutory maximum of 25 or more, you would start out at a level 34. With a plea agreement, if someone pleads sufficiently in advance of trial, the government agrees to a three-level reduction which would take him down to a level 31. That's if you don't have the 851 information filed at a 100 to 400 gram level. . . . We would have filed an 851 information stating at least one. That would jump the maximum to life. So he would be bumped up to the level 37. He'd get a three-level reduction, which would take him down to a level 34, Criminal History Category VI. His guideline range would have been 262 to 372 [months]. . . . Ironically, that is the guideline range that ultimately resulted here by the defendant going to trial.

(Id. at 25-26.)

12.     Mr. Rivetti believed petitioner was taking an unusually big risk by proceeding to trial:

> [T]here are very few defendants that I've had who we have a wiretap, we have cooperators and they have three prior felony drug convictions. That's a huge risk to go to trial in those circumstances because if you're convicted, it's mandatory life. It's the rest of your life in jail without any possibility of release. I've never had a defendant who took that risk. Mr. Shaheed was the only one.

(Id. at 27.) Petitioner and Mr. Rubenstein acknowledged they knew a conviction for the amount of drugs in the indictment would result in a mandatory life sentence. (Id. at 4, 14.)

13.     Petitioner knew and accepted the risk of receiving a mandatory life sentence if convicted at trial. Mr. Rubenstein's efforts convinced the jury to find petitioner guilty of a conspiracy involving less than 100 grams of heroin – thereby saving petitioner from a sentence of life in prison.

**IV. Conclusions of law**

1.      The burden for establishing an ineffective assistance of counsel claim requires that petitioner prove: (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness, and (2) prejudice, meaning there is a reasonable probability that, but-for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

2.      The United States Court of Appeals for the Third Circuit instructs courts to address first the prejudice prong. See McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993) ("Indeed, this Court has read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant."). In McAleese the court of appeals recalled the Supreme Court's observation that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" Id. at 171 (citing Strickland, 466 U.S. at 697).

3.      The thrust of petitioner's first and second arguments – the only issues remaining for resolution – is that had his counsel foreseen the assertion of an innocent association defense would allow the admission of petitioner's prior conviction under Rule 404(b), petitioner would have accepted the government's plea agreement. Petitioner argues counsel's performance caused

him to "suffer[] prejudice in the form of a sentence which is 74 months longer than it would have been if [petitioner] accepted the plea offer in this case." (Pet'r's Facts ¶ 24.)

4. Petitioner is correct in his assertion that a counsel's errors or omissions during the plea negotiation phase may satisfy the prejudice prong. See Hill v. Lockhart, 474 U.S. 52, 57 (1985) ("our justifications for imposing the 'prejudice' requirement in Strickland v. Washington are also relevant in the context of guilty pleas . . ."); see also United States v. Booth, 432 F.3d 542, 548-49 (3d Cir. 2005) (holding the defendant was prejudiced if counsel's failure to apprise him of an acceptable plea option led to a longer sentence).

5. Mr. Rivetti's offer entailed petitioner accepting responsibility for 100 to 400 grams of heroin, and the government filing a 21 U.S.C. § 851 information stating only one prior conviction. These terms would have made petitioner subject to a statutory minimum sentence of ten years and a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(B)(i). Because petitioner was a career offender under the Sentencing Guidelines, a statutory maximum sentence of life would result in offense level 37. The base offense level would then have been reduced three levels because of petitioner's acceptance of responsibility. U.S.S.G. § 4B1.1(b)(A); U.S.S.G. § 3E1.1(a)-(b). Petitioner's adjusted offense level would have been 34. Petitioner had a criminal history category of VI. An adjusted offense level of 34 and a criminal history category of VI would result in an advisory guideline range of 262 to 327 months imprisonment.

6. Mr. Rubenstein's efforts at trial yielded a conviction which resulted in petitioner having the same Sentencing Guidelines range that he would have had if the plea offer had been accepted. When a defendant would have been subject to the same guideline range notwithstanding counsel's alleged error, the defendant must demonstrate a reasonable probability

that, in the absence of the error, the specific sentence would have been lower. See Pena-Carrizoza v. United States, No. 04-475, 2006 WL 2992556, at *4 (D. Utah Oct. 17, 2006) (finding no prejudice on the grounds that it was improbable, despite being possible, petitioner would have received a lesser sentence); United States v. Ivory, No. 09-2376, 2010 WL 1816236, *3 (D. Kan. Feb. 26, 2010) (even excluding counsel's alleged errors, "the Court could have, and would have, imposed the same guideline sentence of life in prison"). Petitioner was sentenced before United States v. Booker, 543 U.S. 220 (2005), and, consequently, a sentence that fell within the 262 to 327 months guideline range was mandatory. See Booker, 543 U.S. at 226 (holding Sentencing Guidelines were no longer compulsory, but advisory); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005) ("Booker does not apply retroactively to cases on collateral review."). Petitioner was sentenced to 262 months imprisonment – the shortest sentence available for that guideline range. It was not possible for petitioner to receive a shorter sentence by accepting Mr. Rivetti's plea offer. See United States v. Hale, No. 09-494, 2010 WL 2105141, at *2 n.6 (S.D. Ala. May 24, 2010) (counsel's failure to seek the 135-168 months guideline range did not prejudice petitioner because he was subject to a statutory mandatory 240-month minimum sentence). Accordingly, no prejudice resulted from the decision to proceed to trial, because, even assuming a plea bargain would have been reached, petitioner's sentence would not have been different. Strickland, 466 U.S. at 694.

7. The Strickland test for ineffective counsel requires petitioner prove both prejudice and deficient representation. Id. at 687. This court need not consider whether defense counsel was deficient, as petitioner's ineffective counsel claim fails with his attempt to establish prejudice. See Wong v. Belmontes, 130 S. Ct. 383, 386 (2009) (declining to consider deficient representation after determining that prejudice could not be established).

**V. Order**

AND NOW, this 22nd day of September, 2010, upon consideration of petitioner's motion and the government's brief in opposition, IT IS HEREBY ORDERED that petitioner's motion to vacate or set aside judgment of conviction by a person in federal custody pursuant to 28 U.S.C. § 2255 (Docket No. 321) is DENIED. The clerk shall mark this case closed.

Dated: September 22, 2010                                  By the court:

                                                           /s/ JOY FLOWERS CONTI
                                                           Joy Flowers Conti
                                                           United States District Judge